UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SHELLY DOWNS,                        )
                                     )
      Plaintiff              )
                                     )
v.                                   )    No. 2:14-cv-196-JHR
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social Security,     )
                                     )
      Defendant              )


*MEMORANDUM DECISION*[1]

In this Social Security Disability ("SSD") appeal, the plaintiff contends that the administrative law judge wrongly failed to consider two Social Security Rulings with respect to her claim, failed to explain why he did not consider two exhibits, and wrongly discounted her testimony. I affirm the decision of the commissioner.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through June 30, 2015, Finding 1, Record at 21; that she suffered from fibromyalgia, affective disorder/mild depression, anxiety related disorder/anxiety

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement. Oral argument was held before me on December 10, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this action and to enter judgment. ECF No. 15.

NOS (Not Otherwise Specified), substance addiction disorder/alcohol abuse/marijuana use, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 21-22; that she retained the residual functional capacity ("RFC") to perform work at the light exertional level, except that she could occasionally climb ramps, stairs, ladders, ropes and scaffolds, could not occasionally balance, stop, kneel, crouch or crawl, could understand and remember simple to moderately detailed instructions and could execute simple to moderately detailed tasks on a consistent schedule, and could interact with coworkers, supervisors and the general public, Finding 5, *id.* at 24; that she was capable of performing her past relevant work, Finding 6, *id.* at 26; and that, therefore, she was not under a disability as that term is defined in the Social Security Act at any time from the amended alleged date of onset of disability, April 3, 2010, through the date of the decision, February 20, 2013, Finding 7, *id.* at 27. The Appeals Council declined to review the decision, *id.* at 1-3, making it the final determination of the commissioner, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R.

§ 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

**I.     Discussion**

The plaintiff first contends that she is entitled to remand because the administrative law judge "failed to consider S[ocial] S[ecurity] R[uling] 83-34 ["SSR 83-34"]" and "failed to consider in any meaningful way claimant's financial and business records found in Exhibit 6D." Itemized Statement of Specific Errors ("Itemized Statement") (ECF No. 9) at 1. She complains that the opinion does not refer to the Ruling, which "was referenced in detail in claimant's brief dated November 6, 2012[.]" She identifies "page 5, paragraph 3" of the opinion as a finding that "is not supported by the evidence nor is it consistent with the three part test of SSR 83-34 that is more particularly referred to in claimant's brief to the Appeals Council[.]" *Id.*

SSR 83-34 is entitled "Titles II and XVI: Determining Whether Work is Substantial Gainful Activity – Self-Employed Persons." SSR 83-34, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 106. As the defendant points out, Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 12) at 2, the administrative law judge found in the plaintiff's favor on this issue, which is addressed at Step 1 of the sequential evaluation process: he found that "[t]he claimant has not engaged in substantial gainful activity since January 1, 2000,[2] the alleged onset date." Record at 21 (citation omitted).

---

[2] The opinion notes at the outset that the plaintiff amended her alleged onset date to April 3, 2010, in a prehearing brief, Record at 19, but thereafter uses the originally alleged date of onset, January 1, 2000. *Id.* at 21, 27. This apparent error has no bearing on the plaintiff's appeal of the administrative law judge's decision.

Any failure to refer specifically to SSR 83-34 in connection with the issue with which it is concerned could, therefore, only constitute harmless error, if it is an error at all.[3]

The paragraph of the administrative law judge's opinion cited by the plaintiff in connection with SSR 83-34 is part of the administrative law judge's discussion of the question of whether any of the plaintiff's impairments, or any combination thereof, meets or medically equals the criteria of any impairment included in the Listings. Record at 22-24. SSR 83-34 has nothing to do with this issue. Accordingly, there can be no error in the failure to mention the Ruling.

The plaintiff next asserts that "[t]he ALJ"s view of claimant's answers in Exhibit [5]E [is] overly optimistic[,]" specifically with reference to the paragraph of the opinion that immediately precedes the paragraph just discussed. Itemized Statement at 1-2. In that paragraph, the administrative law judge said the following:

> In activities of daily living, the claimant has mild restriction. Testimony and the documentary record, for example, show that the claimant has no problems tending to her personal care due to mental health problems; she can drive a car, shop, prepare meals, do laundry and perform light housework on a regular basis, while she has also helped in caring for one of her sisters, who is mentally ill.

Record at 23. Again, this paragraph appears in the administrative law judge's analysis at Step 3 of the sequential evaluation process, and the plaintiff has not challenged his conclusion that none of her impairments met the criteria of a Listing. Accordingly, any error could only be harmless.

In addition, the plaintiff's brief argument suggests that the administrative law judge was required to accept all of her testimony. That is, of course, not the case. *E.g., Tibbetts v. Heckler*,

---

[3] As the defendant's attorney pointed out at oral argument, 20 C.F.R. § 404.1571 provides that "[e]ven if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did." This makes at most harmless the alleged error asserted at oral argument by the plaintiff's attorney of the administrative law judge's failure to mention page 237 of the record, a chart of the hours for which the plaintiff was paid for work in her salon from March 20, 2009, through April 9, 2011, submitted by her attorney after the hearing.

4

607 F.Supp. 585, 587 (D. Me. 1985). Here, the administrative law judge explicitly discounted the plaintiff's testimony:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. Essentially, the undersigned find[s] the claimant minimally credible, where her testimony of debilitating impairments runs contrary to her simultaneous ability to own and operate a beauty salon business.

Record at 25.

It is well within the scope of the administrative law judge's duty to determine how much of a claimant's testimony is credible. The plaintiff does not offer any reason why the administrative law judge's determination in this regard is necessarily erroneous. Nor is it necessary for an administrative law judge to take a "comprehensive view" of a form filled out by a claimant—in this case, Exhibit 5E—as the plaintiff suggests, Itemized Statement at 3, so long as he gives adequate reasons for the evidence he rejects and there remains substantial evidence in the record to support his conclusions. *See, e.g., Lauzier v. Astrue*, No. 2:11-cv-72-JAW, 2012 WL 313712, at *3 (D. Me. Jan. 30, 2012). That is the case here.[4]

---

[4] At oral argument, the plaintiff's attorney emphasized an argument that the administrative law judge committed reversible error by failing to comply with Social Security Rulings 96-2p and 96-7p. Social Security Ruling 96-2p is entitled "Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions," reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2014) at 11; Social Security Ruling 96-7 is entitled "Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements," reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2014), at 133. No issue concerning the weight given by the administrative law judge to any opinion of a particular medical provider was raised in the plaintiff's statement of errors, and any such issue has been waived. In addition, there is no requirement that an administrative law judge specifically mention SSR 96-7p in the course of evaluating a claimant's credibility. *See also Briggette v. Colvin*, No. 2:13-cv-301-GZS, 2014 WL 3548992, at *7 (D. Me. July 17, 2014) ("This court has rejected the notion that an administrative law judge must slavishly discuss all factors relevant to analysis of a claimant's credibility and complaints of pain in order to make a supportable credibility finding[,]" quoting *Vining v. Astrue*, 720 F.Supp.2d 126, 138 (D. Me. 2010)).

5

The plaintiff next asserts that "[t]he ALJ did not explain why no consideration was given to 16E and 14E." Itemized Statement at 3.[5] This is the only reference in her itemized statement to these two exhibits. In the absence of any suggestion of a reason why the administrative law judge was required to discuss these specific exhibits, and, just as important, any attempt to demonstrate why consideration of these exhibits would require a different outcome on the claim for benefits that is the basis of this action, the court will consider the argument waived. *E.g., LeBlanc v. Colvin,* No. 2:13-cv-348-JDL, 2014 WL 5431567, at *4 n.5 (D. Me. Oct. 24, 2014).

If, as the defendant suggests, Opposition at 4-5, the plaintiff means to argue that the administrative law judge could not consider her self-employment in his evaluation of her credibility, Social Security law is to the contrary. *E.g., Owens v. Colvin*, No. CV 13-7794 AJW, 2014 WL 5602884, at *3 (C.D. Cal. Nov. 4, 2014); *Harvey v. Astrue*, No. C09-308-JLR, 2009 WL 3242073, at *4 (W.D. Wash. Oct. 2, 2009).

Finally, the plaintiff contends that the administrative law judge "failed to follow SSR 96-7p which required the adjudicator to make 'every reasonable effort to obtain available information that could shed light on the credibility of [an] individual['s] statements.'" Itemized Statement at 3. In the absence of any indication of the nature of the information that she contends was reasonably available to the administrative law judge but which he did not attempt to obtain, this argument suffers from the same fatal flaw as did the plaintiff's passing reference to her attorney's letter briefs. Even if this issue were not considered waived, the plaintiff has made no attempt to show how the alleged error was anything other than harmless.

---

[5] The two exhibits are a supplemental brief submitted by the plaintiff's current attorney to the administrative law judge in the form of a letter dated November 6, 2012 (Record at 360-69), and a request for review dated April 1, 2013, submitted to the Appeals Council by the attorney (*id*. at 375-82). Of course, the administrative law judge could not have considered the request for review, which was submitted after the administrative law judge's opinion was issued. *Id*. at 27 (dated February 20, 2013).

6

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 4th day of January, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge